**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| J. ANTHONY HUTT, | : | |
| THEODORE T. MAREK, | : | |
| CARL MARTIN, | : | |
| MICHAEL DERRICKSON, | : | |
| HIPPILITO MOURE, | : | |
| JAMES N. McCARDELL, | : | |
| CHARLES SMITH, | : | |
| CHARLIE VILLAFANE, | : | |
| WILLIAM SELBY, | : | |
| KEVIN JONES, | : | Civil Action No. _____ |
| JAMES SMITH, | : | |
| PAUL MILLER, | : | |
| TERRANCE SIRMANS, | : | |
| SAMUEL JONES, | : | |
| JOHN CHAVOUS, | : | |
| | : | |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| STANLEY W. TAYLOR, JR., individually and | : | |
| in his official capacity as Commissioner, State | : | |
| of Delaware Department of Corrections; | : | |
| CARL C. DANBERG, in his official capacity as | : | |
| Commissioner, State of Delaware Department | : | |
| of Corrections; RAPHAEL WILLIAMS, | : | |
| individually and in his official capacity as | : | |
| Warden, Howard R. Young Correctional | : | |
| Institution; PHILIP MORGAN,  in his official | : | |
| capacity as Warden, Howard R. Young | : | |
| Correctional Institution; | : | |
| JOYCE TALLEY, individually and in her | : | |
| official capacity as Chief, Bureau of | : | |
| Management Services, Delaware Department | : | |
| of Corrections; CORRECTIONAL MEDICAL | : | |
| SERVICES, INC., | : | |
| and its JOHN DOE EMPLOYEES, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1.  The claims set forth herein arise and are instituted pursuant to 42 U.S.C. §1983 to redress the deprivation by the defendants, acting under color of state law, of rights, privileges and immunities secured to the plaintiffs by the Eighth and Fourteenth Amendments to the Constitution of the United States.

2.  This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and §1343(a)(3) and 42 U.S.C. §1983.  Declaratory relief is sought under 28 U.S.C. §2201 and 2202.

3.  This Court also has supplemental jurisdiction over the claims which allege "Medical Negligence" under Delaware state law pursuant to 28 U.S.C. § 1367.

4.  All of the named plaintiffs have exhausted their administrative remedies as required by the Prison Litigation Reform Act of 1996, *42 U.S.C. § 1997e*, by filing appropriate medical grievances with the appropriate prison officials concerning the acts and omissions alleged herein.

5.  Venue is proper in the District of Delaware pursuant to 28 U.S.C. §1391(a).  The acts alleged herein were committed within the State of Delaware and the defendants are subject to personal jurisdiction in this district.

**THE PARTIES**

6.  At all times referred to herein, the plaintiffs were inmates in the custody of the Delaware Department of Correction and were incarcerated at the Howard R. Young Correctional Institution ("HRYCI"), 1301 E. 12th Street, Wilmington, DE 19801.

7.  Defendant Correctional Medical Services, Inc. ("CMS") is a corporation providing healthcare services to prisons and jails throughout the United States.  CMS has its headquarters

at 12647 Olive Boulevard, St. Louis, MO 63141. At the time of the acts alleged herein, CMS provided healthcare services to prisoners housed at HRYCI under a contract with the Department of Corrections of the State of Delaware ("DOC").

8. At all times referred to herein, defendant Stanley W. Taylor, Jr. ("Taylor"), was the Commissioner of the DOC, with an office located at 245 McKee Road, Dover, DE 19904. In his capacity as Commissioner, Taylor was the legal custodian of all prisoners sentenced to a term of incarceration by the courts of Delaware. Taylor was responsible for the safe, secure and humane housing of those prisoners, including the plaintiffs. Under 11 *Del.C.* §6517, Taylor was also responsible for administering the medical/treatment services contract between DOC and CMS, or appointing a designee to administer the contract between DOC and CMS. Subsequent to the occurrence of the events alleged herein, Taylor resigned his position as Commissioner and Carl C. Danberg ("Danberg") was appointed as Commissioner.

9. At all times referred to herein, defendant Joyce Talley ("Talley") was the Chief, Bureau of Management Services of the Delaware Department of Corrections, with an office located at 245 McKee Road, Dover, DE 19904. In her capacity as Bureau Chief, Talley was responsible for oversight of inmate health care services, including administration of the contract between DOC and CMS.

10. At all times relevant hereto, defendant Raphael Williams ("Williams") was the Warden of HRYCI. Defendant Williams was the legal custodian of all prisoners housed at HRYCI, including the plaintiffs, and was responsible for the safe, secure and humane housing of those prisoners. Subsequent to the occurrence of the events alleged herein, Williams resigned his position as Warden and was replaced by Philip Morgan ("Morgan").

11.  The identities and locations of the John Doe CMS employees, who participated in the acts and conduct alleged herein, are currently unknown to plaintiffs and will be determined through discovery.  At all times relevant hereto, these individuals were acting under color of state law and within the scope of their employment.

12. At all times referred to herein, all of the defendants were acting within the scope of their employment and/or were exercising powers conferred on them under color of the laws of the State of Delaware.

## Count I - Claims of J. Anthony Hutt
### Allegations of Fact

13.  Plaintiff J. Anthony Hutt ("Hutt") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

14.  At all times relevant hereto, Hutt has been in the custody of the Delaware Department of Corrections.  In 2004, Hutt was diagnosed with Diabetes (Type-2). Since July 2005, Hutt was housed at HRYCI.   Since the date of that initial diagnosis, Hutt has received treatment at HRYCI for his Diabetes, including testing of his blood sugar levels and insulin injections.

15.  On or about July 20, 2006, Hutt was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Hutt as "Nurse Beth" ("John Doe #1"), used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

16.  On or about August 31, 2006, Hutt was informed by Jeremy Wilkerson and Dr. Jay Conlon, employees of CMS,  that he had tested positive for Hepatitis C.  Hutt contracted Hepatitis C as a direct and proximate result of the conduct and acts described in Paragraph 15 herein.

17.  During July 2007, Hutt began to exhibit symptoms which indicated he had contracted Bell's Palsy.  Hutt contracted Bell's Palsy as a direct and proximate result of the conduct and acts described in Paragraph 15 herein.

18.  As a direct and proximate result of the conduct and acts described in Paragraph 15 herein, Hutt has suffered physical and psychological pain and physical injury.

### Hutt Claim One
### (42 U.S.C. § 1983 - Inadequate Medical Care)

19.    Plaintiff Hutt realleges and incorporates by reference herein the allegations in Paragraphs 1-18 of this Complaint.

20.    In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Hutt's serious medical needs and subjected Hutt to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution.   In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Hutt, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Hutt's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

21.    In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Hutt's serious medical needs and subjected Hutt to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Hutt's diabetic condition by committing the acts alleged in Paragraph 15 herein;

(b) as a result of the actions described in Paragraph 15 herein, defendant CMS caused Hutt to be exposed to and contract Hepatitis C and Bell's Palsy and also acted to expose Hutt to the risk of contracting other diseases and conditions, such as HIV/AIDS and TB.

22.    As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Hutt's reasonable medical needs, Hutt has suffered and will continue to suffer extreme physical and psychological pain, physical injury, emotional distress and permanent disability.

**Hutt Claim Two**
**(Medical Negligence)**

23.  Plaintiff Hutt realleges and incorporates by reference herein the allegations in paragraphs 1-18 of this Complaint.

24.  Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

25.  As a direct and proximate result of Defendants' failure to provide adequate medical services,  as alleged in Paragraph 24, Hutt has suffered and will continue to suffer extreme physical and psychological pain, physical injury, emotional distress and permanent disability.

**Count II - Claims of Theodore T. Marek**
**Allegations of Fact**

26.  Plaintiff Theodore T. Marek ("Marek") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

27.  At all times relevant hereto, Marek has been in the custody of the Delaware Department of Corrections. In August 2005, Marek was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Marek has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.  Since June 2006, Marek has been housed at  HRYCI.

28.  On or about July 20, 2006, Marek was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Marek as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood

from himself and other inmates for testing of blood sugar levels and then used the same needle

/syringe to draw insulin from a multiple dose vial and inject him with said insulin.

29.  Since July 20, 2006, Marek has been tested by CMS personnel for a variety of diseases

that he might have contracted as a result of being injected on one or more occasions with a

contaminated needle.  This testing has not been carried out on a regular basis and Marek has not

been informed of the results of any of the tests.

30.  As a direct and proximate result of the conduct and acts described in Paragraph 28

herein, Marek has suffered physical and psychological pain including anxiety and depression.

### Marek Claim One
### (42 U.S.C. § 1983 - Inadequate Medical Care)

31.  Plaintiff Marek realleges and incorporates by reference herein the allegations in

Paragraphs 1-12 and Paragraphs 27-30 of this Complaint.

32.  In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their

individual and official capacities, have acted with deliberate indifference to Marek's serious medical

needs and subjected Marek to cruel and unusual punishment under color of state law in violation of

the Eighth Amendment to the United States Constitution.  In particular, defendants Taylor, Talley

and Williams:

(a) adopted and implemented policies and practices which were intended to contain

the costs of providing medical services to the plaintiffs, including Marek, and which they either

knew or should have known would cause CMS to provide personnel who were not qualified or

properly trained to provide medical services, and to provide medical care that did not meet the

minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Marek's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

33.   In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Marek's serious medical needs and subjected Marek to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Marek's diabetic condition by committing the acts alleged in Paragraph 28 herein;

(b ) as a result of the actions described in Paragraph 28 herein, defendant CMS caused Marek to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis C, HIV/AIDS and TB.

34.   As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Marek's reasonable medical needs, Marek has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

**Marek Claim Two**
**(Medical Negligence)**

35.   Plaintiff Marek realleges and incorporates by reference herein the allegations in paragraphs 1-12 and Paragraphs 27-30 of this Complaint.

36.   Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees

failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

37.   As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 28, Marek has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

## Count III - Claims of Carl Martin
### Allegations of Fact

38.   Plaintiff Carl Martin ("Martin") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

39.   At all times relevant hereto, Martin has been in the custody of the Delaware Department of Corrections. Since February 2006, Martin has been housed at HRYCI.  In 1995, Martin was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Martin has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

40.   On or about July 20, 2006, Martin was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Martin as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

41.   Since July 20, 2006, Martin has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis and Martin has not been informed of the results of any of the tests.

42. As a direct and proximate result of the conduct and acts described in Paragraph 40 herein, Martin has suffered physical and psychological pain including anxiety and depression.

**Martin Claim One**
**(42 U.S.C. § 1983 - Inadequate Medical Care)**

43. Plaintiff Martin realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 39-42 of this Complaint.

44. In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Martin's serious medical needs and subjected Martin to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution. In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Martin, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Martin's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

45. In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Martin's serious medical needs and subjected Martin to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Martin's diabetic condition by committing the acts alleged in Paragraph 40 herein;

(b ) as a result of the actions described in Paragraph 40 herein, defendant CMS caused Martin to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis C, HIV/AIDS and TB.

46.   As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Martin's reasonable medical needs, Martin has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Martin Claim Two
### (Medical Negligence)

47.   Plaintiff Martin realleges and incorporates by reference herein the allegations in paragraphs 1-12 and Paragraphs 39-42 of this Complaint.

48.   Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

49.   As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 40, Martin has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Count IV - Claims of Michael Derrickson
### Allegations of Fact

50.  Plaintiff Michael Derrickson ("Derrickson") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

51.  Between May 19, 2006 and August 8, 2006, and from October 30, 2006 to the present time, Derrickson was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  In January 2003, Derrickson was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Derrickson has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

52.  On or about July 20, 2006, Derrickson was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Derrickson as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

53.  Since July 20, 2006, Derrickson has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis and Derrickson has not been informed of the results of any of the tests.

54.  As a direct and proximate result  of the conduct and acts described in Paragraph 52 herein, Derrickson has suffered physical and psychological pain including anxiety and depression.

**Derrickson Claim One**
**(42 U.S.C. § 1983 - Inadequate Medical Care)**

55.  Plaintiff Derrickson realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 51-54 of this Complaint.

56. In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Derrickson's serious medical needs and subjected Derrickson to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution. In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Derrickson and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Derrickson's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

57. In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Derrickson's serious medical needs and subjected Derrickson to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Derrickson's diabetic condition by committing the acts alleged in Paragraph 52 herein;

(b ) as a result of the actions described in Paragraph 52 herein, defendant CMS caused Derrickson to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis C, HIV/AIDS and TB.

58.  As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Derrickson's reasonable medical needs, Derrickson has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

**Derrickson Claim Two**
**(Medical Negligence)**

59.  Plaintiff Derrickson realleges and incorporates by reference herein the allegations in paragraphs 1-12 and Paragraphs 51-54 of this Complaint.

60.  Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

61.  As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 52, Derrickson has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

**Count V - Claims of Hipolito Moure**
**Allegations of Fact**

62.  Plaintiff Hipolito Moure ("Moure") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

63.  Since May 2, 2006 and continuing up to the present time,, Moure was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  Prior to his incarceration, Moure was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Moure has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

64. On or about July 20, 2006, Moure was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Moure as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

65. Since July 20, 2006, Moure has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis and Moure has not been informed of the results of any of the tests.

66. As a direct and proximate result of the conduct and acts described in Paragraph 64 herein, Moure has suffered physical and psychological pain including anxiety and depression.

**Moure Claim One**
**(42 U.S.C. § 1983 - Inadequate Medical Care)**

67.    Plaintiff Moure realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 63-66 of this Complaint.

68.  In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Moure's serious medical needs and subjected Moure to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution.  In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Moure, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Moure's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

69.  In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Moure's serious medical needs and subjected Moure to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Moure's diabetic condition by committing the acts alleged in Paragraph 64 herein;

-18-

(b ) as a result of the actions described in Paragraph 64 herein, defendant CMS caused Moure to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis C, HIV/AIDS and TB.

70.   As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Derrickson's reasonable medical needs, Moure has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Moure Claim Two
### (Medical Negligence)

71.   Plaintiff Moure realleges and incorporates by reference herein the allegations in paragraphs 1-12 and Paragraphs 63-66 of this Complaint.

72.   Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

73.   As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 64, Moure has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Count VI - Claims of James N. McCardell
### Allegations of Fact

74. Plaintiff James N. McCardell ("McCardell") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

75.  Since September 2004 and continuing up to the present time, McCardell was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  Prior to his incarceration, in February 1996, McCardell was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, McCardell has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

76.  On or about July 20, 2006, McCardell was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to McCardell as "Nurse Beth" ("John Doe #1"), used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

77.  Since July 20, 2006, McCardell has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis and McCardell has not been informed of the results of any of the tests.

78.  As a direct and proximate result  of the conduct and acts described in Paragraph 76 herein, McCardell has suffered physical and psychological pain including anxiety and depression.

### McCardell Claim One
### (42 U.S.C. § 1983 - Inadequate Medical Care)

79.   Plaintiff McCardell realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 75-78 of this Complaint.

80.  In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to McCardell's serious medical needs and subjected McCardell to cruel and unusual punishment under color of state law in

violation of the Eighth Amendment to the United States Constitution. In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including McCardell, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff McCardell's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

81. In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to McCardell's serious medical needs and subjected McCardell to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of McCardell's diabetic condition by committing the acts alleged in Paragraph 76 herein;

(b ) as a result of the actions described in Paragraph 76 herein, defendant CMS caused McCardell to be exposed to the risk of contracting other diseases and conditions, such as HIV/AIDS and TB.

82. As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference McCardell's reasonable medical needs, McCardell has

suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### McCardell Claim Two
### (Medical Negligence)

83.   Plaintiff McCardell realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 75-78 of this Complaint.

84.   Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

85.   As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 76, McCardell has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Count VII - Claims of Charles Smith
### Allegations of Fact

86.   Plaintiff Charles Smith ("Charles Smith") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

87.   At all times relevant hereto, Charles Smith was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  Prior to his incarceration, in February 1996, Charles Smith was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Charles Smith has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

88. On or about July 20, 2006, Charles Smith was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Charles Smith as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

89. Since July 20, 2006, Charles Smith has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis.  As a result of said testing, Charles Smith was informed by CMS personnel that he had contracted Hepatitis C.

90. As a direct and proximate result  of the conduct and acts described in Paragraph 88 herein, Charles Smith has suffered physical and psychological pain including anxiety and depression.

## Charles Smith Claim One
### (42 U.S.C. § 1983 - Inadequate Medical Care)

91. Plaintiff Charles Smith realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 87-90 of this Complaint.

92. In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Charles Smith's serious medical needs and subjected Charles Smith to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution.   In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Charles Smith, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Charles Smith's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

93.  In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Charles Smith's serious medical needs and subjected Charles Smith to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Charles Smith's diabetic condition by committing the acts alleged in Paragraph 88 herein;

(b ) as a result of the actions described in Paragraph 88 herein, defendant CMS caused Charles Smith to contract Hepatitis C and to be exposed to the risk of contracting other diseases and conditions, such as HIV/AIDS and TB.

94.  As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Charles Smith's reasonable medical needs, Charles Smith has suffered and will continue to suffer extreme physical and psychological pain, physical injury and  emotional distress.

**Charles Smith Claim Two**
**(Medical Negligence)**

95.  Plaintiff Charles Smith realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 87-90 of this Complaint.

96.  Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

97.  As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 88, Charles Smith has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Count VIII - Claims of Charlie Villafane
### Allegations of Fact

98.  Plaintiff Charlie Villafane ("Villafane") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

99.  Between June 2006 and November 30, 2006, Villafane was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  In 1994, prior to his incarceration, Villafane was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Villafane has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

100.  On or about July 20, 2006, Villafane was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Villafane as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood

from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

101.  Since July 20, 2006, Villafane has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis and Villafane has not been informed of the results of any of the tests.

102.  As a direct and proximate result  of the conduct and acts described in Paragraph 100 herein, Villafane has suffered physical and psychological pain including anxiety and depression.

**Villafane Claim One**
**(42 U.S.C. § 1983 - Inadequate Medical Care)**

103.   Plaintiff Villafane realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 99-102 of this Complaint.

104.   In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Villafane's serious medical needs and subjected Villafane to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution.   In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Villafane, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Villafane's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

105.   In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Villafane's serious medical needs and subjected Villafane to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Villafane's diabetic condition by committing the acts alleged in Paragraph 100 herein;

(b) as a result of the actions described in Paragraph 100 herein, defendant CMS caused Villafane to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis C, HIV/AIDS and TB.

106.   As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Villafane's reasonable medical needs, Villafane has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

**Villafane Claim Two**
**(Medical Negligence)**

107.   Plaintiff Villafane realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 99-102 of this Complaint.

108.   Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

109.   As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 100, Villafane has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

**Count IX - Claims of William Selby**
**Allegations of Fact**

110.   Plaintiff William Selby ("Selby") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

111.  Since December 8, 2004, an continuing up to the present time, Selby was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  In August 2003, prior to his incarceration, Selby was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Selby has received inadequate treatment for his Diabetes, including testing of his blood sugar levels and insulin injections, in that Selby was not tested or given insulin injections on a regular basis as prescribed.

112.  On or about July 20, 2006, Selby was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Selby as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

113.  Since July 20, 2006, Selby has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis and Selby has not been informed of the results of any of the tests.

114.  As a direct and proximate result  of the conduct and acts described in Paragraph 112 herein, Selby has suffered physical and psychological pain including anxiety and depression.

### Selby Claim One
### (42 U.S.C. § 1983 - Inadequate Medical Care)

115.   Plaintiff Selby realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 111-114 of this Complaint.

116.  In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Selby's serious

medical needs and subjected Selby to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution.  In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Selby, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Selby's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

117.  In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Selby's serious medical needs and subjected Selby to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Selby's diabetic condition by committing the acts alleged in Paragraph 112 herein;

(b ) as a result of the actions described in Paragraph 112 herein, defendant CMS caused Selby to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis C, HIV/AIDS and TB.

118.   As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Selby's reasonable medical needs, Selby has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Selby Claim Two
### (Medical Negligence)

119.   Plaintiff Selby realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 111-114 of this Complaint.

120.   Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

121.   As a direct and proximate result of Defendants' failure to provide adequate medical services,  as alleged in Paragraph 112, Selby has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

## Count X - Claims of Kevin Jones
## Allegations of Fact

122.  Plaintiff Kevin Jones ("Kevin Jones") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

123.  Since November 2005 and continuing up to the present time, Kevin Jones was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  During the time of his incarceration, Kevin Jones was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Kevin Jones has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

124.  On or about July 20, 2006, Kevin Jones was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Kevin Jones as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

125.  Since July 20, 2006, Kevin Jones has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis.

126. On or about January 10, 2007, Kevin Jones was informed by Dr. Peter Binnon, one of the defendants' medical personnel, that he had tested positive for Hepatitis C.  Kevin Jones contracted Hepatitis C as a direct and proximate result of the conduct and acts described in Paragraph 124 herein.

127.  As a direct and proximate result  of the conduct and acts described in Paragraph 124 herein, Kevin Jones has suffered physical and psychological pain including anxiety and depression.

**Kevin Jones Claim One**
**(42 U.S.C. § 1983 - Inadequate Medical Care)**

128.  Plaintiff Kevin Jones realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 123-127 of this Complaint.

129.  In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Kevin Jones's serious medical needs and subjected Kevin Jones to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution.  In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Kevin Jones, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Kevin Jones' medical conditions that did not meet the minimum requirements of the Eighth Amendment.

130.  In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Kevin Jones's serious medical needs and subjected Kevin Jones to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Kevin Jones's diabetic condition by committing the acts alleged in Paragraph 124 herein;

-33-

(b) as a result of the actions described in Paragraph 124 herein, defendant CMS caused Kevin Jones to contract Hepatitis C and to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis B, HIV/AIDS and TB.

131.   As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Kevin Jones's reasonable medical needs, Kevin Jones has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

**Kevin Jones Claim Two**
**(Medical Negligence)**

132.   Plaintiff Kevin Jones realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 123-127 of this Complaint.

133.   Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.   Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

134.   As a direct and proximate result of Defendants' failure to provide adequate medical services,  as alleged in Paragraph 124, Kevin Jones has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

**Count XI - Claims of James Smith**
**Allegations of Fact**

135.   Plaintiff James Smith ("James Smith") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

136.  Since December 2005, and continuing up to the present time, James Smith was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  In 1988, prior to his incarceration, James Smith was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, James Smith has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

137.  On or about July 20, 2006, James Smith was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to James Smith as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

138.  Since July 20, 2006, James Smith has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis and James Smith has not been informed of the results of any of the tests.

139.  As a direct and proximate result  of the conduct and acts described in Paragraph 112 herein, James Smith has suffered physical and psychological pain including anxiety and depression.

### James Smith Claim One
### (42 U.S.C. § 1983 - Inadequate Medical Care)

140.  Plaintiff James Smith realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 136-139 of this Complaint.

141.  In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to James Smith's serious medical needs and subjected James Smith to cruel and unusual punishment under color of

state law in violation of the Eighth Amendment to the United States Constitution. In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including James Smith, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff James Smith's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

142. In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to James Smith's serious medical needs and subjected James Smith to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of James Smith's diabetic condition by committing the acts alleged in Paragraph 137 herein;

(b ) as a result of the actions described in Paragraph 137 herein, defendant CMS caused James Smith to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis C, HIV/AIDS and TB.

143. As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference James Smith's reasonable medical needs, James

Smith has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### James Smith Claim Two
### (Medical Negligence)

144.  Plaintiff James Smith realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 136-139 of this Complaint.

145.  Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

146.  As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 137, James Smith has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Count XII - Claims of Paul Miller
### Allegations of Fact

147.  Plaintiff Paul Miller ("Miller") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

148.  Since May 2006, and continuing up to the present time, Miller was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  Prior to his incarceration, Miller was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Miller has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

149.  On or about July 20, 2006, Miller was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to

Miller as "Nurse Beth" ("John Doe #1"), used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

150.  Since July 20, 2006, Miller has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  Sometime after the testing began, Miller learned that he had contracted Hepatitis C.

151.  As a direct and proximate result of the conduct and acts described in Paragraph 149 herein, Miller has suffered physical and psychological pain including anxiety and depression.

**Miller Claim One**
**(42 U.S.C. § 1983 - Inadequate Medical Care)**

152.   Plaintiff Miller realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 148-151 of this Complaint.

153.  In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Miller's serious medical needs and subjected Miller to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution.  In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Miller, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Miller's medical conditions that did not meet the minimum requirements of the Eighth Amendment.

154.   In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Miller's serious medical needs and subjected Miller to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Miller's diabetic condition by committing the acts alleged in Paragraph 149 herein;

(b ) as a result of the actions described in Paragraph 149 herein, defendant CMS caused Miller to be exposed to the risk of contracting other diseases and conditions, such as HIV/AIDS and TB.

155.   As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Miller's reasonable medical needs, Miller has suffered and will continue to suffer extreme physical and psychological pain, physical injury and  emotional distress.

**Miller Claim Two**
**(Medical Negligence)**

156.   Plaintiff Miller realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 148-151of this Complaint.

157.   Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees

failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

158.  As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 149, Miller has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

**Count XIII - Claims of Terrance Sirmans**
**Allegations of Fact**

159.  Plaintiff Terrance Sirmans ("Sirmans") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

160.  Since December 2005, and continuing through December 2007, Sirmans was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  On or about 1992, prior to his incarceration, Sirmans was diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Sirmans has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

161.  On or about July 20, 2006, Sirmans was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Sirmans as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

162.  Since July 20, 2006, Sirmans has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis and Sirmans has not been informed of the results of any of the tests.

163.  As a direct and proximate result  of the conduct and acts described in Paragraph 161 herein, Sirmans has suffered physical and psychological pain including anxiety and depression.

**Sirmans Claim One**
**(42 U.S.C. § 1983 - Inadequate Medical Care)**

164.  Plaintiff Sirmans realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 160-163 of this Complaint.

165.  In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Sirmans's serious medical needs and subjected Sirmans to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution.  In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Sirmans, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Sirmans' medical conditions that did not meet the minimum requirements of the Eighth Amendment.

166.  In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Sirmans's serious medical needs and subjected Sirmans to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Sirmans's diabetic condition by committing the acts alleged in Paragraph 161 herein;

(b ) as a result of the actions described in Paragraph 161 herein, defendant CMS caused Sirmans to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis C, HIV/AIDS and TB.

167.  As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Sirmans's reasonable medical needs, Sirmans has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Sirmans Claim Two
### (Medical Negligence)

168.  Plaintiff Sirmans realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 160-163 of this Complaint.

169.  Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

170.  As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 161, Sirmans has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Count XIV - Claims of Samuel Jones
### Allegations of Fact

171.  Plaintiff Samuel Jones ("Samuel Jones") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

172.  At all times relevant hereto, Samuel Jones was in the custody of the Delaware Department of Corrections and was housed at HRYCI.  At the time of his incarceration, Samuel Jones had been diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis, Samuel Jones has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

173.  On or about July 20, 2006, Samuel Jones was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Samuel Jones as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

174.  Since July 20, 2006, Samuel Jones has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis and Samuel Jones has not been informed of the results of any of the tests.

175.  As a direct and proximate result  of the conduct and acts described in Paragraph 173 herein, Samuel Jones has suffered physical and psychological pain including anxiety and depression.

**Samuel Jones Claim One**
**(42 U.S.C. § 1983 - Inadequate Medical Care)**

176.  Plaintiff Samuel Jones realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 172-175 of this Complaint.

177.  In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Samuel Jones's serious medical needs and subjected Samuel Jones to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution.  In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Samuel Jones, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Samuel Jones' medical conditions that did not meet the minimum requirements of the Eighth Amendment.

178.  In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Samuel Jones's serious medical needs and subjected Samuel Jones to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Samuel Jones's diabetic condition by committing the acts alleged in Paragraph 173 herein;

(b ) as a result of the actions described in Paragraph 173 herein, defendant CMS caused Samuel Jones to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis C, HIV/AIDS and TB.

-44-

179.   As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Samuel Jones's reasonable medical needs, Samuel Jones has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Samuel Jones Claim Two
### (Medical Negligence)

180.   Plaintiff Samuel Jones realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 172-175 of this Complaint.

181.   Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

182.   As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 173, Samuel Jones has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

### Count XV - Claims of John Chavous
### Allegations of Fact

183.   Plaintiff John Chavous ("Chavous") realleges and incorporates by reference herein the allegations in paragraphs 1-12 of this Complaint.

184.   At all times relevant hereto, Chavous was in the custody of the Delaware Department of Corrections and was housed at HRYCI since December 2005.  At the time of his incarceration, Chavous had been diagnosed with Diabetes (Type-2).  Since the date of that initial diagnosis,

Chavous has received treatment for his Diabetes, including testing of his blood sugar levels and insulin injections.

185.  On or about July 20, 2006, Chavous was informed by officials at HRYCI that on one or more occasions between April 10, 2006 and July 9, 2006 a nurse employed by CMS, known to Chavous as "Nurse Beth" ("John Doe #1"),  used a single hypodermic needle/syringe to draw blood from himself and other inmates for testing of blood sugar levels and then used the same needle /syringe to draw insulin from a multiple dose vial and inject him with said insulin.

186.  Since July 20, 2006, Chavous has been tested by CMS personnel for a variety of diseases that he might have contracted as a result of being injected on one or more occasions with a contaminated needle.  This testing has not been carried out on a regular basis and Chavous has not been informed of the results of any of the tests.

187.  As a direct and proximate result  of the conduct and acts described in Paragraph 185 herein, Chavous has suffered physical and psychological pain including anxiety and depression.

**John Chavous Claim One**
**(42 U.S.C. § 1983 - Inadequate Medical Care)**

188.  Plaintiff John Chavous ("Chavous") realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 184-187 of this Complaint.

189.  In violation of 42 U.S.C. § 1983, defendants Taylor, Talley and Williams, acting in their individual and official capacities, have acted with deliberate indifference to Chavous's serious medical needs and subjected Chavous to cruel and unusual punishment under color of state law in violation of the Eighth Amendment to the United States Constitution.  In particular, defendants Taylor, Talley and Williams:

(a) adopted and implemented policies and practices which were intended to contain the costs of providing medical services to the plaintiffs, including Chavous, and which they either knew or should have known would cause CMS to provide personnel who were not qualified or properly trained to provide medical services, and to provide medical care that did not meet the minimum requirements of the Eighth Amendment.

(b) adopted and implemented policies and practices which encouraged CMS to provide for testing and treatment for plaintiff Chavous' medical conditions that did not meet the minimum requirements of the Eighth Amendment.

190.  In violation of 42 U.S.C. § 1983, defendant CMS, acting through its agents, servants and employees, through their failure to provide adequate medical care, acted with deliberate indifference to Chavous's serious medical needs and subjected Chavous to cruel and unusual punishment under color of state law in violation of the Eighth Amendment in that:

(a) CMS failed to provide constitutionally adequate medical care of Chavous's diabetic condition by committing the acts alleged in Paragraph 185 herein;

(b ) as a result of the actions described in Paragraph 185 herein, defendant CMS caused Chavous to be exposed to the risk of contracting other diseases and conditions, such as Hepatitis C, HIV/AIDS and TB.

191.  As a direct and proximate result of defendant CMS's failure to provide adequate medical care and their deliberate indifference Chavous's reasonable medical needs, Chavous has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

**Chavous Claim Two**
**(Medical Negligence)**

192.   Plaintiff Chavous realleges and incorporates by reference herein the allegations in Paragraphs 1-12 and Paragraphs 184-187 of this Complaint.

193.   Defendant CMS and its John Doe Employees are "health care providers" within the meaning of 18 *Del.C.* §6801.  Defendant CMS, acting through its agents, servants and employees failed to render and provide medical services in conformity with the applicable standards of care and committed medical negligence within the meaning of 18 *Del.C.* §6801.

194.   As a direct and proximate result of Defendants' failure to provide adequate medical services, as alleged in Paragraph 185, Chavous has suffered and will continue to suffer extreme physical and psychological pain, physical injury and emotional distress.

WHEREFORE, the Plaintiffs herein respectfully demand the following relief:

(a)  That this Court enter judgment in favor of each individual plaintiff and against the  defendants for damages, both compensatory and punitive, in an amount to be proven at trial;

(b)  That this Court enter a judgment declaring that the defendants' policies, practices, acts and omissions as described herein violate plaintiff's rights as guaranteed by the Eighth and Fourteenth Amendments to the Constitution of the United States;

(c)  That this Court permanently enjoin defendants, their officers, agents, employees and successors in office, along with those acting in concert with them, from engaging in the unlawful practices described herein and further shape injunctive relief to ensure that plaintiffs will no longer be subjected to the treatment alleged herein

(d)  That this Court award plaintiffs their costs and attorneys' fees in such amount as this Court deems reasonable, pursuant to 42 U.S.C. § 1988;

(e)  For such other and further relief as the Court may deem appropriate under the circumstances.

    */s/ Joseph M. Bernstein*
JOSEPH M. BERNSTEIN (#780)
800 N. King Street - Suite 302
Wilmington, DE 19801
302-656-9850
302-656-9836 (Fax)
E-mail: jmbernstein@embarqmail.com

    */s/ Bruce L. Hudson*
BRUCE L.HUDSON (#1003)
800 N. King Street - Suite 302
Wilmington, DE 19801
302-656-9850
302-656-9836 (Fax)
E-mail: delaw@brucehudsonlaw.com

Dated: April 3, 2008        Attorneys for Plaintiffs

®JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| J. Anthony Hutt, et al | Stanley W. Taylor, Jr., et al |

**(b)** County of Residence of First Listed Plaintiff    New Castle County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joseph M. Bernstein, and Bruce L. Hudson

800 N. King Street, Suite 302, Wilmington DE 19801

Attorneys (If Known)

(302)6569850

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983

Brief description of cause:
Inadequate Medical Care & Medical Malpractice

## VII. REQUESTED IN    COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)    IF ANY

(See instructions):    JUDGE                               DOCKET NUMBER

DATE
4/3/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT               APPLYING IFP               JUDGE               MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 8 - 1 8 4

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___10___ COPIES OF AO FORM 85.

_____4/3/08_____
(Date forms issued)

_____
(Signature of Party or their Representative)

Xiaojuan Huang
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action