IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. ANTHONY HUTT, et al, | : |
| Plaintiffs | : |
| v. | : |
| CORRECTIONAL MEDICAL SERVICES, INC., et al, | : Civil Action No.: 1:08-cv-00184 GMS |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

---

### CORRECTIONAL MEDICAL SERVICES, INC.'S
### REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
### PLAINTIFFS' COMPLAINT

---

Daniel A. Griffith, Esquire
Attorney Bar ID No. 4209
WHITEFORD TAYLOR &
PRESTON, LLC
1220 Market Street, Suite 608
Wilmington, DE  19801
(302) 482-8754
Attorneys for Defendant,
Correctional Medical Services, Inc.

Dated: June 13, 2008

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

LEGAL ARGUMENT ..................................................................................................... 3

I.   Plaintiffs' Confuse The Concepts Of §1983 Liability And Eleventh Amendment Immunity; An Entity Otherwise Subject To §1983 Liability Is Immune From Suit In Federal Court If That Entity Is Entitled To Protection Under The Eleventh Amendment. ............................................. 3

II.   Even If The Eleventh Amendment Did Not Completely Bar This Action Against CMS, Plaintiff's Novel Theory Of §1983 Liability Against CMS Is Not Cognizable Under The Law... 4

# TABLE OF CITATIONS

**Cases**

*Abraham v. State of Delaware Department of Corrections, et al*, 2007 U.S. Dist. LEXIS 89411 (D. Del.) .................................................................................................................. 1

*Abraham v. State of Delaware Department of Corrections, et al*, 2007 U.S. Dist. LEXIS 89411 (D. Del.) (decided and filed December 4, 2007); ............................................................. 1

*Castillo v. Civigenics Program, et al*, 2006 U.S. Dist. LEXIS 21992 (D. Del.) ........................... 1

*Graham* ................................................................................................................................ 1, 3, 4, 5

*Hamilton, et al v. Civigenics, et al*, 2005 U.S. Dist. LEXIS 2625 (D. Del.) ................................ 1

*Kentucky v. Graham, et* al, 473 U.S. 159, 105, S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ................ 1

*Kentucky v. Graham, supra* ......................................................................................................... 3

*Kentucky v. Grahm, et al*, 473 U.S. 159, 105 S. Ct. 3099, 87 L.Ed. 2d 114 (1985) .................... 2

*Robinson v. Costello, et al*, 2007 U.S. Dist., LEXIS 14929 (D. Del.) .......................................... 4

I.  **INTRODUCTION**

The Motion to Dismiss Plaintiffs' Complaint, filed by Correctional Medical Services, Inc. (CMS) rests on one specific and straightforward principle: CMS' entitlement to immunity from Plaintiffs' claims under the *Eleventh Amendment* to the United States Constitution, consistent with this Court's consistent body of prior decisions. See, ***Abraham v. State of Delaware Department of Corrections, et al***, 2007 U.S. Dist. LEXIS 89411 (D. Del.) (decided and filed December 4, 2007); ***Castillo v. Civigenics Program, et al***, 2006 U.S. Dist. LEXIS 21992 (D. Del.) (decided March 31, 2006); ***Hamilton, et al v. Civigenics, et al***, 2005 U.S. Dist. LEXIS 2625 (D. Del.) (decided February 22, 2005).

Plaintiffs concede CMS' entitlement to *Eleventh Amendment* immunity and this concession should, by all rights, resolve this application in favor of CMS. See, ***Kentucky v. Graham, et*** al, 473 U.S. 159, 105, S. Ct. 3099, 87 L. Ed. 2d 114 (1985). (§1983 does not override a state's sovereign immunity under the *Eleventh Amendment*). Plaintiffs either ignore or misapprehend the absolute nature of *Eleventh Amendment* immunity and instead press an untenable argument regarding CMS' potential liability under §1983 *by relying upon cases where Eleventh Amendment immunity was not present.* Plaintiffs make no effort to explain how CMS (a) is entitled to Eleventh Amendment immunity which it has not waived; yet (b) is still amenable to suit in federal court.

The analysis is far simpler than Plaintiffs would make it: if CMS has not waived its entitlement to sovereign immunity under the Eleventh Amendment, it cannot be sued in federal court. It is undisputed that CMS is entitled to Eleventh Amendment immunity which it has waived. Whether or not Plaintiffs could assert a §1983 claim against CMS if CMS were not entitled to Eleventh Amendment immunity is irrelevant. Since Plaintiffs' entire opposition is

1

predicated upon the extent to which they can pursue a §1983 claim against CMS *in the absence of Eleventh Amendment immunity,* the opposition does not squarely address the basis of the motion.

In short, CMS' entitlement to Eleventh Amendment immunity is undisputed and all that is necessary for the dismissal of Plaintiffs' Complaint against CMS.

## LEGAL ARGUMENT

I.   **Plaintiffs' Confuse The Concepts Of §1983 Liability And Eleventh Amendment Immunity; An Entity Otherwise Subject To §1983 Liability Is Immune From Suit In Federal Court If That Entity Is Entitled To Protection Under The Eleventh Amendment.**

Plaintiffs go to great lengths to contrive a novel theory about CMS' vicarious liability under §1983 for the actions of its employees in their personal capacities. This argument is wrong, but the court need not even address it. The United States Supreme Court has made clear that, even if an entity were otherwise subject to liability under §1983, if that entity is entitled to *Eleventh Amendment* immunity, the §1983 claims must be dismissed as a matter of law.

In ***Kentucky v. Graham, supra***, the United States Supreme Court noted, in the only language necessary for the dismissal of CMS in this action:

> Unless a State has waived its *Eleventh Amendment* immunity or Congress has overridden it, however, a State cannot be sued directly in its own name *regardless of the relief sought*. 473 U.S. at 167, 105 S. Ct. at 3106, 87 L.Ed. at 123 (emphasis added) (citation omitted).

This plain statement of the law is all that is necessary for the dismissal of Plaintiffs Complaint against CMS. Plaintiffs have acknowledged that CMS is a "state actor" and entitled to immunity under the *Eleventh Amendment*. The *Eleventh Amendment* itself and the United States Supreme Court in ***Graham*** have made clear that, under the circumstances, CMS "cannot be sued directly in its own name regardless of the relief sought." ***Ibid.*** Thus, Plaintiffs efforts to draw individual-versus-official capacity distinctions and contrive a "vicarious liability" claim are irrelevant.

In this sense it seems that Plaintiffs' opposition confuses the distinction between *municipal* liability under §1983 and *Eleventh Amendment* immunity applicable to states (and

3

their agencies). *Eleventh Amendment* immunity is broad and absolute. Absent a waiver by the state or an Act of Congress, there simply is no viable claim. Here, Plaintiffs have conceded – as they must – the presence of *Eleventh Amendment* immunity and the absence of a waiver. The Court need not indulge in the "individual-versus-official capacity" analysis Plaintiffs urge.

Lest there be any doubt following the United States Supreme Court's decision in **Graham**, this very court has recently made clear that an entity's entitlement to *Eleventh Amendment* immunity means simply that the entity cannot be sued in federal court regardless of the manner in which the cause of action is styled:

> There is no evidence that §1983 intended to effect a Congressional override of state sovereign immunity. The statute has been held not to "provide a federal forum for litigants who seek a remedy against the state for alleged deprivations of civil liberties". (Citation omitted) . . . Further, there is no indication that the State of Delaware has abrogated its sovereign immunity with respect to §1983 claims. **Robinson v. Costello, et al**, 2007 U.S. Dist., LEXIS 14929 (D. Del.) (decided March 2, 2007).

Here, it is undisputed that CMS is entitled to sovereign immunity under the *Eleventh Amendment*. Unless there has been a waiver of that immunity (which there has not been) it is not subject to suit regardless of Plaintiffs' creative invention of a "vicarious liability under §1983 for personal capacity claims" theory. Thus, Plaintiffs' Complaint must be dismissed with prejudice as to CMS.

II.     **Even If The *Eleventh Amendment* Did Not Completely Bar This Action Against CMS, Plaintiff's Novel Theory Of §1983 Liability Against CMS Is Not Cognizable Under The Law.**

Plaintiffs contend that CMS' *Eleventh Amendment* immunity only bars the claims against CMS for the actions of its employees in their official capacities. Plaintiffs believe that CMS may be vicariously liability under §1983 (notwithstanding the *Eleventh Amendment*) for the actions of

4

its employees in their individual, or personal, capacities. Unfortunately, Plaintiffs have not sued the CMS employees in their personal capacities.[1]

However, even if the Plaintiffs had identified and sued the CMS employees in their individual capacity, however, Plaintiffs' theory of liability is not recognized under the law. In fact, Plaintiffs' argument concerning the vicarious liability under §1983 of an entity for the "personal capacity" claims against its employees was squarely addressed – and rejected – by the Untied States Supreme Court in ***Kentucky v. Graham, supra***, the seminal case of individual-versus-official capacity analysis.

In that case, the United States Supreme Court observed:

> With this (individual-versus-official capacity) distinction in mind, it is clear that a suit against a government official in his or her personal capacity cannot lead to imposition of . . . liability upon the governmental entity. *A victory in a personal-capacity action is a victory against the individual defendant, rather than entity that employs it.* 473 U.S. at 167-168, 105, S. Ct. at 3106, 87 L. Ed. 2d at 126.

The United State Supreme Court further noted in language fatal to Plaintiffs' argument: Only in an official-capacity action is a plaintiff who prevails entitled to look for relief *both on the merits and for fees* to the governmental entity. ***Ibid.***

---

[1] In the caption of their Complaint, in identifying the employees of the State of Delaware, Plaintiffs take pains to make clear that 3 of the state employees are being sued in their individual and official capacities and 2 are being named only in their official capacity. (See Exhibit "A" to Defendant CMS' motion). This distinction is reiterated in the body of Plaintiffs' Complaint where Plaintiffs consistently refer to these 3 state employees "acting in their individual and official capacity . . . " (See paragraphs 20, 32, 44, 56, 68, 80, 92, 104, 116, 129, 141, 153, 165, 177, 189). Conversely, Plaintiffs' allegations as to the CMS employees assert simply that they were agents of CMS. (See paragraphs 21, 33, 35, 57, 69, 81, 93, 105, 117, 130, 142, 154, 166, 178, 190). Having not pled any claims against CMS employees in their individual capacity (or having distinguished their claims against the CMS employees in any "individual or official capacity" sense), Plaintiffs are hard-pressed to base their entire position on the vicarious liability of CMS for the "personal" liability of the CMS employees.

Since the very theory which Plaintiffs urge this court to accept has been specifically rejected by the United States Supreme Court, even if the *Eleventh Amendment* didn't bar the claims against CMS in their entirety (as it clearly does), CMS cannot be vicariously liable under §1983 for the liability of its employees in their personal capacity.

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that this Honorable Court dismiss all claims against CMS as a matter of law.

WHITEFORD TAYLOR PRESTON, LLC

/s/ Daniel A. Griffith
Daniel A. Griffith, Esquire (No. 4209)
1220 Market Street, Suite 608
Wilmington, DE 19801
(302) 482-8754

*1798223*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. ANTHONY HUTT, et al, | : |
| | : |
| Plaintiffs | : |
| v. | : |
| | : |
| CORRECTIONAL MEDICAL SERVICES, INC., et al, | : Civil Action No.: 1:08-cv-00184 GMS |
| | : |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

## NOTICE OF SERVICE

I, Daniel A. Griffith, Esquire hereby certifies that on this 13th day of June, 2008, a copy of the foregoing Correctional Medical Services, Inc.'s Reply Brief in Support of Its Motion to Dismiss Complaint was electronically delivered via e-file to

Joseph M. Bernstein, Esquire
800 North King Street
Suite 302
Wilmington, DE  19801

Bruce L. Hudson, Esquire
800 North King Street
Suite 302
Wilmington, DE  19801

/s/ Daniel A. Griffith
Daniel A. Griffith, Esquire